UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MITCHELL,

          Plaintiff,

          v.

EDMOND C. CICCHI, et al.,

          Defendants.

Civil Action No. 13-5048 (PGS)

MEMORANDUM OPINION

It appearing that:

1. This matter is before the Court pursuant to the Motions to Dismiss filed by Defendants Joyce Pirre, Edmond C. Cicchi, Mark Cranston and Robert Grover (collectively, "Defendants"). (ECF Nos. 43, 52.) Defendants are seeking dismissal of Plaintiff Michael Mitchell's ("Plaintiff") Second Amended Complaint ("SAC") (ECF No. 42), wherein he raised five separate claims: (1) violation of 42 U.S.C. §2000cc-1, et seq., Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA"); (2) violation of 42 U.S.C. §1983 by denying Plaintiff his First Amendment right to free exercise of his religion; (3) conspiracy to deprive Plaintiff of his civil rights pursuant to 42 U.S.C. § 1985(3); (4) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c) ("NJCRA"); and (5) violation of N.J.S.A. 10:5-1, et seq., the New Jersey Law Against Discrimination ("NJLAD").[1]

2. Plaintiff alleges the following facts in his SAC:[2]

> On June 12, 2012, Plaintiff [a prisoner at Middlesex County Jail since January 13, 2012] was placed on maximum custody status…

---

[1] In his Opposition to the Motions, Plaintiff withdraws this count.

[2] The Court recites only the facts relevant for purposes of these Motions.

Plaintiff is an adherent to the religion of Islam. Plaintiff's religion is a sincerely held belief: He was raised as a Muslim. Two of the most important religious holidays for Muslims are Eid al Fitr and Eid al Adha. Eid al Fitr is a holiday marked by the breaking of the Ramadan Fast and by a communal celebration involving a feast.

On information and belief, as a general practice, the Jail has a communal Eid feast for Muslim inmates. At the Jail, the Eid al Fitr communal feast in 2013 was held on August 10, 2013, with notice being given to celebrants on August 6, 2013. In 2013, certain inmates, including Plaintiff, were not allowed to attend this feast. On August 9, 2013, Plaintiff protested his exclusion from the Eid festival to Cicchi and Pirre. He received a response from Pirre stating that his "MCS status" was the reason why he was not allowed to attend. Cicchi did not respond. On August 11, 2013, he protested this exclusion further to Pirre and Cicchi on the grounds that he was being wrongly deprived of his First Amendment right under the United States Constitution to practice his religion, and that this was also in violation of the Correction Center Inmate Guidelines, issued by the Middlesex County Department of Corrections, which, at page 7, accords all inmates "full and equal opportunity to practice their religion....," and in violation of NJ.AC. § 10A:31-26.3, which likewise provides, inter alia, that "all inmates shall be afforded full and fair opportunity to practice their religion ... " To this appeal, Pirre wrote a written response saying that she "didn't make the rules," and advised him to write to Grover. Cicchi did not respond.

Plaintiff then appealed further to Grover on August 23, 2013, again citing the First Amendment of the United States Constitution, the New Jersey Constitution and New Jersey Regulation N.J.A.C. §10A:31-26.3. Grover never responded to Plaintiff. Plaintiff was again not allowed to attend the Eid festival on October 19, 2013. After this inaction, Plaintiff brought his original complaint in this Court. Plaintiff was not allowed to attend religious services for Ramadan on Saturday, June 28, 2014. Altogether, Plaintiff was not allowed to attend Eid festivals during his incarceration at the Jail, totaling six (6) in number. On information and belief, others in maximum custody status were allowed to attend the communal Eid holidays.

The Jail maintains a grievance process. Plaintiff requested a copy of the grievance process and the forms for filing a grievance from

2

>unit officers. Grievance forms were withheld from Plaintiff. On information and belief, Pirre had a copy or access to a copy of the inmate guidelines including the grievance process at the time(s) in question. As a consequence of the above, Plaintiff appealed using ad hoc letters of his creation, addressed variously to the named Defendants. Previously and subsequently to the dates of these Eid festivals, from which he was excluded, Plaintiff had been allowed to attend Ja'Mah and Taleem, both on a regular weekly basis, and both in the same location as the Eid festivals from which he was excluded. On knowledge and belief, members of other religious faiths were not denied access to communal celebrations of religious holidays consistent with their faith.

(SAC ¶¶ 10-36.)

3. Plaintiff is seeking compensation for "emotional distress and anxiety" and to "enjoin[] Defendants from continuing the practice of preventing Islamic individuals from attending certain religious events." (*Id.* ¶ 59.)

4. On November 18, 2015, Defendant Joyce Pirre filed a Motion to Dismiss the SAC for:

>1. Failure to State a Claim;
>
>2. Failure to Exhaust Administrative Remedies;
>
>3. Injunctive Relief is moot;
>
>4. Compensatory Damages for Emotional Distress Absent Physical Injury are Barred by the Prison Litigation Reform Act; and/or,
>
>5. Certain Claims are Barred by the Applicable Statute of Limitations.

On January 22, 2016, Defendants Edmond C. Cicchi, Mark Cranston and Robert Grover joined in the Motion. (ECF No. 52.) The Court held oral argument on March 7, 2016 and reserved decision.

5. A complaint will survive a motion to dismiss under Rule 12(b)(6) only if it states

3

"sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Iqbal*, 556 U.S. at 678.

6. Defendants seek dismissal of Plaintiff's RLUIPA claim against them in their individual capacities because such a cause of action is not permissible. *See Sharp v. Johnson*, 669 F.3d 144, 155 (3d Cir. 2012). Plaintiff acknowledges that is correct and therefore the Court will dismiss the RLUIPA claim against the Defendants in their individual capacities. With regard to a RLUIPA claim against Defendants in their official capacities, as acknowledged by Plaintiff during oral argument, Plaintiff is no longer detained at Middlesex County Jail and is unlikely to ever be held there again because he is now serving a life sentence in state prison. Therefore, Plaintiff's RLUIPA claim against Defendants in their official capacity is moot and will be dismissed as well. *See Banks v. Sec'y Pennsylvania Dep't of Corr.*, 601 F. App'x 101, 103 (3d Cir. 2015) (prisoner no longer presents a live case or controversy for injunctive relief under RLUIPA after a transfer because an injunction where he is no longer imprisoned would not provide

4

him meaningful relief); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (a claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (dismissing as moot plaintiff's RLUIPA claims due to a prison transfer); *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825 (8th Cir. 2009) (holding state prisoner's claim that prison officials violated his free exercise and RLUIPA rights was rendered moot when he was transferred to another facility and was no longer subject to the allegedly offending policy); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (holding request for injunctive relief under RLUIPA is moot due to prisoner's release from prison).

7. Defendants next argue that Plaintiff has failed to allege sufficient facts to state a claim under the First Amendment right to free exercise of religion and New Jersey Civil Rights Act, however, as evidenced by this Court's determination that the Amended Complaint met the screening requirements under 28 U.S.C. §§ 1915, 1915A, the Court disagrees. (ECF No. 11.) As such, Defendant's motion to dismiss on this ground is denied.

8. With regard to the conspiracy claim under § 1985, the Court finds that Plaintiff has failed to state a claim. Section 1985(3) permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3); *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the

conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Here, Plaintiff has failed to meet the first required element. He alleges no facts which would suggest a conspiracy and therefore has failed to state a claim. *See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) ("mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim) (internal citations and quotations omitted); *see also Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 227 (3d Cir. 2012) (conclusory statement that defendants conspired, absent any factual basis, is insufficient to set forth a plausible claim for relief under § 1985(3)).

9. Defendant next argues that the § 1983 claim free exercise claim must be dismissed because Plaintiff failed to exhaust his administrative remedies. Failure to exhaust administrative remedies is an affirmative defense under the Prisoner Litigation Reform Act and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Nevertheless, district courts may dismiss a complaint when the failure to exhaust administrative remedies is apparent from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002). It is not apparent from the face of the Complaint whether or not Plaintiff has exhausted his administrative remedies. Therefore, Defendant's motion to dismiss the First Amendment free exercise claim on the basis of non-exhaustion of administrative remedies is denied.

10. To the extent Plaintiff is seeking injunctive relief on his remaining claims under the First Amendment and NJCRA, that request will be dismissed as moot. A federal court has neither

the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam). An inmate's transfer or release from the facility complained of generally moots equitable and declaratory claims. *Sutton*, 323 F.3d at 248. Such claims are not mooted when a challenged action is (1) too short in duration to be fully litigated before its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subject to the same action again. *Id.* (citing *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993)).

Here, as discussed with regard to the RLUIPA claim, Plaintiff has been transferred from Middlesex County Jail to a state prison. He is serving a life sentence and it is highly unlikely that he will ever again be subject to the same action by these Defendants. Moreover, the complained-of conduct took place over the course of years, ample time to fully litigate the issue. Therefore, because none of the exceptions to mootness apply, Plaintiff's claim for injunctive relief will be dismissed.

11. Plaintiff's request for compensatory damages will also be dismissed. As properly argued by Defendants, the Third Circuit has explicitly held that pursuant to 42 U.S.C. § 1997e(e),[3] a prisoner is not entitled to compensatory damages for a violation of his free exercise rights based only on mental or emotional injury. *See Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Here, Plaintiff has not alleged any physical injury and therefore he is not entitled to compensatory

---

[3] 42 U.S.C. § 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

7

damages.[4]

12. Based on the foregoing, Plaintiff's RLUIPA claim, NJLAD claim and request for injunctive and compensatory damages are dismissed with prejudice. Plaintiff's § 1985 conspiracy claim is dismissed without prejudice. Defendants' motion to dismiss the First Amendment and NJCRA claims for failure to state a claim and failure to exhaust administrative remedies is denied. An appropriate order follows.

Dated: 9/26/16

_____
Peter G. Sheridan, U.S.D.J.

---

[4] As also stated by the Third Circuit, nominal damages are still available for prisoners such as Plaintiff. *Allah*, 226 F.3d at 251 ("the Supreme Court recognized…that certain absolute constitutional rights may be vindicated by an award of nominal damages in the absence of any showing of injury warranting compensatory damages").